UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04CV-81-R

CECIL MCMURTRY, M.D.                                                                                   PLAINTIFF

v.

THOMAS A. WISEMAN, III,
EDWARD A. HADLEY and
GIDEON & WISEMAN, a Tennessee partnership
DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Docket #86).  The Defendants have responded (Docket #96), and the Plaintiff has replied to that response (Docket #110).  This matter is now ripe for adjudication.  For the following reasons, the Plaintiff's Motion for Summary Judgment is **DENIED**.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case."

*Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of the evidence.  To support his position, he must present evidence on which the trier of fact could find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996).  Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)."  *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

The Plaintiff has requested summary judgment against Defendant Gideon & Wiseman ("G&W") as to its liability in this matter, for objecting to and denying admissions pertaining to "joint & several liability" as requested under Federal Rule of Civil Procedure 36(a).  As the Defendants have properly noted in their response, the admission requested involves a matter of legal liability that the Defendants are not required, at this time, to admit in their responses to the requests for admissions delivered by the Plaintiff. FRCP 36(a).  This holds true because at this juncture, liability as to G&W cannot be determined until the liability against Defendants Hadley or Wiseman has been demonstrated.  Therefore, liability cannot impute to G&W until individual liability has been demonstrated against the two attorneys who worked on the case.  Accordingly, the Plaintiff's motion for summary judgment is denied.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Plaintiff's motion for summary judgment is **DENIED**.