UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04CV-81-R

CECIL MCMURTRY, M.D.                                                                                    PLAINTIFF

v.

THOMAS A. WISEMAN, III,
EDWARD A. HADLEY and
GIDEON & WISEMAN, a Tennessee partnership
DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on the Defendants' Motion to Preclude the Recovery of Lost Punitive Damages (Docket #158). The Plaintiff has responded (Docket #176). This matter is now ripe for adjudication. For the following reasons, the Defendants' motion to preclude is **GRANTED**.

## DISCUSSION

Jurisdictions are split as to whether or not a plaintiff in a legal malpractice action may recover lost punitive damages against an attorney defendant if the conduct of the attorney in the underlying litigation was not fraudulent, oppressive, reckless, malicious or intentional. The recent trend in states such as California, New York and Illinois has been not to permit punitive damages against an attorney defendant if his malpractice amounted only to negligence. Most recently, the Supreme Court of Illinois, in *Tri-G, Inc. v. Burke, Bosselman & Weaver*, in holding that a plaintiff in a legal malpractice action could not recover punitive against the attorney defendant under a negligence standard, reasoned that:

> [w]hether a plaintiff in a legal malpractice action may recover as an element of damages punitive damages he or she would have recovered in the underlying action but for the attorney's professional negligence is a question of first impression in

>Illinois. It is a question on which reasonable minds can certainly disagree...In the end, however, we have concluded that the approach taken by the courts of California and New York...Lost punitive damages are not recoverable in a subsequent action for legal malpractice.  Disallowing lost punitive damages means that plaintiffs in legal malpractice actions may not receive as much money as they might have if the underlying action had been handled properly. Compensating plaintiffs, however, is but one of several factors that must be balanced in assessing whether lost punitive damages should be recognized in legal malpractice actions. There is no reason in logic or the law why it should be given preeminent effect where, as here, the jury has already awarded full compensation to the plaintiff for all the damages it actually sustained.  Punitive, or exemplary, damages are not awarded as compensation, but serve instead to punish the offender and to deter that party and others from committing similar acts of wrongdoing in the future...Allowing Tri-G to recover its lost punitive damages from Burke would not advance that policy in any way. To the contrary, by holding the firm liable for the intentional or willful and wanton misconduct of a third party, it tears the concept of punitive damages from its doctrinal moorings.

*Tri-G, Inc. v. Burke, Bosselman & Weaver*, 2006 WL 1702282, *26 (Ill. 2006).  This line of reasoning had been previously adopted and applied by California in *Ferguson v. Lieff, Cabraser, Heimann & Bernstein*, 69 P.3d 965 (Cal. App. 2003) and New York in *Summerville v. Lipsig* 270 A.D.2d 213, (N.Y.A.D. 1 Dept. 2000).  These are the most recent cases addressing this matter.

Other jurisdictions have held the opposite, with the most recent being the District of Columbia Court, in *Jacobsen v. Oliver*, 201 F.Supp.2d 93 (D.C.2002), in interpreting District of Columbia law, held that a plaintiff client may recover punitive damages against an attorney defendant in a legal malpractice case even if the conduct of the attorney amounts only to professional negligence.  The jurisdictions abiding by this standard are South Dakota (*Haberer v. Rice*, 511 N.W.2d 279 (S.D.1994)); Colorado (*Scognamillo v. Olsen*, 795 P.2d 1357 (Colo. App.1990)); Arizona (*Elliott v. Videan*, 164 Ariz. 113, 791 P.2d 639 (1989)); and Kansas (*Hunt v. Dresie*, 241 Kan. 647, 740 P.2d 1046 (1987)).

In Tennessee, though the courts there have not explicitly addressed this specific matter, the courts have nonetheless examined it somewhat within their opinions.  In *Metcalfe v. Waters*, the Supreme Court of Tennessee permitted a plaintiff client to recover punitive damages against an attorney defendant because the conduct of the attorney constituted "reckless" conduct, rather than mere negligence. *Metcalfe v. Waters*, 970 S.W.2d 448, 452 (Tenn. 1998).  The Court stated that:

> [a]s in any case involving punitive damages, however, the plaintiff must prove that the defendant engaged in the requisite culpable conduct...[w]e join those jurisdictions in recognizing that punitive damages may be awarded in a legal malpractice claim, provided the culpable conduct...i.e., intentional, fraudulent, malicious or reckless, is proven by clear and convincing evidence.

*Metcalfe* at 451-452.  In reaching this conclusion, the Court cited the Alabama Supreme Court case of *Boros v. Baxley*, where the Alabama Supreme Court held that an attorney could be liable for punitive damages so long as his/her conduct amounted to fraudulent, malicious, willful, wanton or reckless behavior. *Boros v. Baxley*, 621 So.2d 240, 244-45 (Ala. 1993) **(holding that "[t]here can be no recovery for emotional distress [or punitive damages], where [the legal malpractice] does not involve any affirmative wrongdoing but merely neglect of duty."** *Id.* **at 244).**

The Tennessee interpretation of permitting punitive damages in a legal malpractice case only when the conduct of the attorney amounts to more than professional negligence would seem to be consistent with the case law in Kentucky.  In *Bierman v. Klapheke*, the Kentucky Supreme Court overturned a Kentucky Court of Appeals decision to vacate a jury verdict that awarded punitive damages in a legal malpractice case because the Kentucky Supreme Court determined that the actions of the attorney had been fraudulent. *Bierman v. Klapheke*, 967 S.W.2d 16, 19-20

(Ky. 1998).  In *Bierman*, the attorney defendant failed to file a worker's compensation claim in the underlying action. *Id.* at 17.  After that action ended with a verdict not in favor of the plaintiff client, the attorney defendant made deliberate and fraudulent actions to conceal his negligence. *Id.*  The Court ultimately held that the award of punitive damages was not based on the professional negligence of the attorney defendant in the underlying action, but from a claim "clearly independent from his acts of negligence." *Id.* at 20.  In a later Kentucky Supreme Court opinion, Justice Cooper clarified the Court's holding in *Bierman*, noting that "we upheld a judgment for punitive damages based upon fraudulent concealment of legal malpractice because the concealment exacerbated the damages suffered by the client, thus establishing 'a claim for punitive damages clearly independent from his acts of negligence.'" *Hardaway Management Co. v. Southerland*, 977 S.W.2d 910, 917 (Ky. 1998) (*quoting Bierman* at 20).

In the instant matter, in what would be consistent with the modern trend amongst other jurisdictions as well as remaining consistent with the case law of Kentucky and Tennessee, the claim for punitive damages should not go forward.  Dr. McMurtry alleges that the Defendants committed professional negligence in handling his case.  Thus, their conduct did not amount to more than mere negligence.  In addition, the Court is persuaded by the public policy argument offered by the Supreme Court of Illinois, and believes that reasoning should apply to this matter. Accordingly, the Plaintiff should not be able to recover punitive damages.

**IT IS SO ORDERED:**

The Defendants' motion to preclude lost punitive damages is **GRANTED**.