UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04CV-81-R

CECIL MCMURTRY, M.D.                                                                                           PLAINTIFF

v.

THOMAS A. WISEMAN, III,
EDWARD A. HADLEY and
GIDEON & WISEMAN, a Tennessee partnership
DEFENDANTS

## MEMORANDUM OPINION & ORDER

In the underlying litigation claim against former Paul Revere Agent Steven Botts ("Botts") in his individual capacity for the state law claims of fraud, negligent misrepresentation and negligence, the parties disagree on the measure of damages for recovery by the Plaintiff, Dr. Cecil McMurtry ("Dr. McMurtry"). The Court must determine what the Plaintiff would be entitled to recover should the jury find in his favor. In particular, looking at the claims of fraud and negligent misrepresentation, the parties are in dispute as to the measure of damages. The Plaintiff asserts that the measure of damages for both of those claims should be "the benefit of the bargain," in which the Plaintiff would receive the difference between the value of what the Plaintiff would have received if the representations had been true and the actual value the Plaintiff received. As such, the Plaintiff argues that he is entitled to $10,000.00/month from the time Paul Revere ended coverage to the present day. The Defendants argue that Dr. McMurtry should not be entitled to receive the benefit of his policy.

As these state law claims are governed by Tennessee law, the Court must abide its precedence in resolving this matter. As to the claim of fraud, it is clear that Tennessee has adopted the benefit of the bargain rule for the recovery of damages. Tennessee Pattern Jury

Instructions, Civil §8.49 (2005).  This is supported by case law of *Boling v. Tennessee State Bank*, in which the Tennessee Supreme Court adopted the Restatement (2d) of Torts Section 549. *Boling v. Tennessee State Bank*, 890 S.W.2d 32, 35-36 (Tenn. 1994).  In pertinent part, Section 549(2) states: "(2) The recipient of a fraudulent misrepresentation in a business transaction is also entitled to recover additional damages sufficient to give him the *benefit of his contract with the maker, if these damages are proved with reasonable certainty*." (emphasis added).

In regards to the claim of negligent misrepresentation, the case law within Tennessee also suggests that the Plaintiff may recover the benefit of the bargain.  As admitted by the Defendants, in 1976, the Tennessee Court of Appeals, in *Haynes v. Cumberland Builders, Inc.*, determined that a plaintiff could recover the benefit of his bargain against a defendant for a claim of "fraudulent misrepresentation" so long as the damages were not too remote or speculative. *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 232-33 (Tenn. Ct. App. 1976).  Though the Court labeled the claim "fraudulent misrepresentation," the elements of the claim were the equivalent of the modern day tort of negligent misrepresentation. *Id.* at 232.  The Tennessee Court of Appeals upheld this measure of damages for a negligent misrepresentation claim in *Staggs v. Sells*, stating "'the proper measure of the plaintiffs' general damages is the benefit of the bargain rule." *Staggs v. Sells*, 86 S.W.3d 219, 225 (Tenn. Ct. App. 2001).

As for the negligence claim, the case law also indicates that the Plaintiff may recover the benefit of his bargain.  Tennessee courts have held that "[i]t is the universal rule that an agent or broker of insurance who is compensated for his services and undertakes to procure insurance for another and unjustifiably fails, will be held liable for any damage resulting." *Massengale v. Hicks*, 639 S.W.2d 659, 660 (Tenn. App.1982); *See also Bell v. Wood Ins. Agency*, 829 S.W.2d

153, 154 (Tenn. App.1992).  In *Bell*, the Tennessee Court of Appeals upheld the verdict of a lower court that awarded the plaintiff $30,000 plus interest on property that the plaintiff believed was covered by her insurance policy in case of a theft. *Bell*, 829 S.W.2d at 154.  The plaintiff in *Bell* had repeatedly advised the agent that she needed coverage for $30,000 worth of property and had relied on the agent's representations as to what the policy covered. *Id.*  In upholding the award of damages, the Court in *Bell* stated "the issue in cases of this nature is not only what the policy provides, but what the agent promised...[t]he evidence does not preponderate against the Chancellor's finding that plaintiffs entrusted and relied on the agent Williamson to procure $30,000.00 in theft coverage, and that he failed to the plaintiffs' detriment." *Id.*

In the instant matter, the Plaintiff claims losses stemming from his belief that the policy he purchased would provide him with $10,000/month based on specific medical and work-status conditions guaranteed by Botts.  However, the policy did not cover these conditions, and Dr. McMurtry alleges that he did not receive his benefits as represented by Botts.  Accordingly, the Plaintiff may recover the benefit of his bargain for all claims.

**IT IS SO ORDERED:**

The Plaintiff may recover for the benefit of his bargain as to the claims of fraud, negligent misrepresentation and negligence against Botts in the underlying litigation case.