UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04CV-81-R

CECIL MCMURTRY, M.D.                                                                                    PLAINTIFF

v.

THOMAS A. WISEMAN, III,
EDWARD A. HADLEY and
GIDEON & WISEMAN, a Tennessee partnership
DEFENDANTS

## MEMORANDUM OPINION & ORDER

In ruling on the Defendants' Motion for Reconsideration (Docket #163), the Court held that "the Defendants could have brought a claim against Steven Botts ("Botts") individually regarding negligent misrepresentations he allegedly made to Dr. Cecil McMurtry ("Dr. McMurtry") to induce him into joining the ERISA plan, even though he was acting within the scope of his employment." The Court reasoned that a claim for negligent misrepresentation was not precluded against Botts individually simply because liability would impute to his employer.

In the January 17, 2006 Memorandum Opinion addressing the Defendants' Motion for Summary Judgment (Docket #73), the Court had determined that a negligence claim asserted against Botts in the underlying litigation would not have gone forward because liability would have been imputed to Botts' employer, Paul Revere. This holding goes against the reasoning applied by the Court in its memorandum opinion addressing the Defendants' motion for reconsideration because claims for negligence and negligent misrepresentation have the same standard of care, and therefore, should be analyzed similarly. In applying that reasoning to the negligence claim, as the Court should have done in the January 17, 2006 Memorandum Opinion, the negligence claim would not have been precluded merely because the liability of Botts

imputes to his employer. As such, the negligence claim against Botts should go forward along with the claims of fraud and negligent misrepresentation. Though the Court is allowing this claim to go forward at this time, the Court is having difficulty understanding the difference between the claim for negligence and the claim for negligent misrepresentation as they relate to the sale of the policy by Botts to Dr. McMurtry. The Court requests that the Plaintiff provide some case law and/or supplement his position as to how these claims differ in this context.

**IT IS SO ORDERED:**

The negligence claim asserted against Botts in his individual capacity should not have been dismissed by the Court. Accordingly, it shall go forward along with the claims of fraud and negligent misrepresentation.